OPINION of the Court, by
Judge Boyle.
— The errors assigned in this case are such as are either cured by the statute of jeofails, or are not apparent upon the face of the record.
The first consisting of a variance between the writ and declaration, and the second of a want of profesa * of the deed alleged by the replication to have been tendered, are manifestly cured by the statute of jeofails. The third, which alleges that the writing declared on, is not under the seals of the said Marshal and Bohan-non, does not appear to be predicated upon the record ; the declaration avers, that the writing declared on, was sealed and delivered by them, and we cannot notice any variance between the allegation and the writing pro- *328 fered, iftiless, byJipraying oyer of it, it had been spread . | j, J J 1 upon the record.*
The fourth and last error assigned is founded upon the supposed validity of those which preceded, and as the foundation has given way, the superstructure of course must fall.-Judgment affirmed.

 This was after issue joined and verdict. The want of proferí is bad Upon demurrer, or after judgment by default, without writ of enquiry executed. Scott vs. Curd, Hard. 64 — Simons vs. Alexander, Gilbert’s Rep. 237 — » Tberesby vs. Sparrow, 2d Strange 1186 — ad Wilson 16 — Bull. N. P. 249* 253. The true diftinction as to supplying defeats, is whether the objection be taken after verdict or not. Motion in arrest of judgment by default, comes before the court exactly if upgn demurrer-Collins vs. Gibbs, 2d Burr 899,

 Adams vs. Macey, next czst — Ralflon vs. Love, Har. -Adams vs. Bradfbaw, Hard. 555.